DAVID L. NEALE (SBN 141225)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dln@lnbyb.com; kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession /Removing Party

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JERRY KAYLE, by and through his Successor in Interest, Celia Kayle, by and through her Conservator, Stewart Kayle; CELIA KAYLE, an individual, by and through her Conservator, Stewart Kayle; STEWART KAYLE, an individual,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>LAKE BALBOA HEALTH CARE, INC. dba LAKE BALBOA CARE CENTER; NORTH AMERICAN HEALTH CARE, INC., DOES 1 through 100; MITCHELL B. KAYLE, a Nominal Defendant, JEFFREY A. KAYLE, a Nominal Defendant, and RANDALL E. KAYLE, a Nominal Defendant,<br><br>　　　　　Defendants. | **Case No.** _____<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>[No Hearing Required] |

1    **PLEASE TAKE NOTICE** that, pursuant to Rule 9027 of the Federal Rules of
2  Bankruptcy Procedure and 28 U.S.C. §§ 157(a), 157(b)(1) and (2), 1334 and 1452, North
3  American Health Care, Inc. (the "Debtor"), the defendant in the state court action titled <u>Jerry
4  Kayle, et al. v. Lake Balboa Health Care, Inc., et al.</u> (the "Kayle Action"), filed in the Superior
5  Court of the State of California for the County of Los Angeles – Van Nuys Division (the "State
6  Court"), bearing Case No. LC099554, hereby removes the entire Kayle Action and all of the
7  claims and causes of action alleged in the Kayle Action to this Court on the following grounds:

**A.    Background Information.**

1.    On February 6, 2015, North American Health Care, Inc. ("NAHC" or the Debtor) and Carmichael Care, Inc. ("CCI") collectively with North American Health Care, Inc., the "Debtors") each filed voluntary petitions under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California – Santa Ana Division, bearing case numbers 8:15-bk-10610-MW and 8:15-bk-10612-MW, respectively. The Debtors' bankruptcy cases are being jointly administered. Since the commencement of their cases, the Debtors have been operating their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    CCI is the operator of a skilled nursing facility known as Rosewood Post-Acute Rehabilitation (the "Rosewood Facility"). The Rosewood Facility is licensed by the California Department of Public Health. NAHC provides services to CCI pursuant to a Services Agreement between NAHC and CCI. Specifically, pursuant to the Services Agreement, NAHC provides non-licensed personnel to CCI as necessary for the business of the Rosewood Facility. For example, NAHC provides to the Rosewood Facility bookkeeping and accounting services, public relations and social media services, supply procurement services, record storage services, payroll services, insurance procurement services, information technology services, human resource services, and other peer review support services.

3.    NAHC provides essential services to 36 facilities, including the Rosewood Facility. NAHC is a highly experienced provider of services to skilled nursing facilities, and its


principal place of business is in Dana Point, California.

4. The Rosewood Facility provides 24 hour, 7 days a week and 365 days a year care to patients who reside at the Rosewood Facility. The Rosewood Facility currently has approximately 107 patients, and is staffed by approximately 184 employees. The Rosewood Facility has 112 beds. NAHC charges CCI service fees in connection with the services NAHC provides to the Rosewood Facility.

5. NAHC and CCI are owned by the same investors. Specifically, NAHC is owned 44% by Vermillion Investment Co. LLC, 24% by Davey Jay LLC, 28% by Oakleaf Holding, LLC, 2% by Shard Holding, LLC, and 2% by Jay Kevin Laws. CCI's ownership structure is identical to NAHC's ownership structure. Both entities also have the same individuals serving on each of their Boards of Directors.

6. The Debtor's bankruptcy filings were necessitated by the barrage of alleged medical malpractice and other lawsuits filed against the Debtors, including the Kayle Action, claiming damages in the millions of dollars against the Debtors, and the aggressive litigation tactics of the plaintiffs in these lawsuits that have diverted the Debtors' resources and focus away from operating their businesses. The Debtors deny any liability with respect to these lawsuits, including the Kayle Action. The Rosewood Facility has been operated according to exacting standards and the highest level of patient care. Indeed, the Rosewood Facility continues to provide respected, Five-Star (as rated by CMS) care for its patients.

7. Despite this record of achievement, certain plaintiffs' counsel have targeted the Debtors and have relentlessly pursued what they perceive to be potential "deep pockets" for recovery. However, had the Debtors not filed for bankruptcy protection, and had plaintiffs with disputed claims continued their unending litigation attacks against the Debtors, or obtained their threatened judgments, the inevitable result would have been that the Debtors would have been forced to close their businesses. The Debtors, after substantial consideration of possible alternatives, substantial efforts to settle disputes and litigation claims, and careful consideration of the effect of the bankruptcy filings on their businesses, determined that the most prudent,

proactive and responsible course of action in order to protect their assets and the interests of their creditors, was to file for bankruptcy protection. The Debtors intend to work to reorganize their financial affairs and resolve their litigation in a cohesive, organized manner, in a single forum.

8.  Given the impact upon the Debtors' estates, the Debtors' business operations, and the Debtors' ability to reorganize their financial affairs, including the need to preserve the Debtors' assets, the Debtors had no choice but to commence these bankruptcy cases, and to remove the Kayle Action, a "core proceeding", to this Court, and request that this Court transfer the Kayle Action to the United States Bankruptcy Court for the Central District in California – Santa Ana Division, where the Debtors' bankruptcy cases are pending. The Debtors intend to immediately file a motion requesting a transfer of venue.

**B.      Grounds for Removing the Royalty Litigation.**

9.  The Kayle Action is a civil action and is not a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

10. The Kayle Litigation is a "core proceeding" under at least 28 U.S.C. §§ 157(b)(2)(A), (B), (C) and (O), because the Kayle Action seeks, among other things, a determination of claims against the Debtors' estates, the disposition of assets of the Debtors' estates, and the adjustment of the debtor-creditor or equity security holder relationship.

11. This Court and the Bankruptcy Court have jurisdiction pursuant to 28 U.S.C. § 1334(b).

12. The removal of the Kayle Action is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2).

13. Attached hereto as Exhibit "1" is a copy of the State Court docket for the removed Kayle Action and the following pertinent documents:

    Exhibit 2: Complaint

    Exhibit 3: Answer

    Exhibit 4: All documents filed with the State Court

14. NAHC will shortly file a motion to transfer venue of the Kayle Action to the Bankruptcy Court where the Debtors' chapter 11 bankruptcy cases are pending.

**PLEASE TAKE FURTHER NOTICE** that removal of the Kayle Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Federal Rule of Bankruptcy Procedure 9027(c). The Kayle Action is hereby removed to the United States District Court for the Eastern District of California and the parties to the Kayle Action shall proceed no further in the State Court unless otherwise ordered.

Dated: March 4, 2015

NORTH AMERICAN HEALTH CARE, INC.

By: _/s/ Krikor J. Meshefejian_
DAVID L. NEALE
KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession/Removing Party