UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-01629 JAK (ASx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | Jerry Kayle, et al. v. Lake Balboa Health Care, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING ACTION (JS-6)

### I.   Introduction

Jerry Kayle died on January 21, 2011. Complaint ("Compl."), Dkt. 1-2, ¶ 1. At that time, he was a resident of Lake Balboa Care Center. *Id.* ¶ 11. It is alleged that, at all relevant times, North American Health Care, Inc. ("NAHC") and Lake Balboa Health Care, Inc. ("Defendants") participated in the management of this facility. *Id.* ¶¶ 5-6. On January 22, 2013, Jerry Kayle's surviving spouse, Celia Kayle, and his son, Stewart Kayle, in his own capacity and as conservator for Celia Kayle ("Plaintiffs") brought this action in Los Angeles Superior Court on their own behalf and on behalf of Jerry Kayle. *Id.* at 7. Plaintiffs asserted claims that arose under California law, including that Defendants engaged in elder abuse and neglect, violated the Patient's Bill of Rights, Cal. Health & Safety Code § 1430, and wrongfully caused Jerry Kayle's death. *Id.* ¶¶ 9-76.

On February 6, 2015, NAHC filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Dkt. 1, ¶ 1; *In re North American Health Care, Inc.*, 8:15-bk-10610-MW (Bankr. C.D. Cal. Feb. 6, 2015). On March 5, 2015, Defendants removed this action pursuant to 28 U.S.C. §§ 157(a), (b)(1)-(2), 1334 and 1452. Dkt. 1. On April 6, 2015, a scheduling conference was held at which Defendants were ordered to show cause as to the presence of federal jurisdiction over this matter; each side was permitted to file supplemental briefing on this issue. Dkt. 11. Following review of these materials, the scheduling conference and a hearing on the order to show cause was held on May 11, 2015. At that time, the Court stated its tentative view that there was no jurisdiction, and then heard argument. Thereafter, the Court stated that it was adhering to its tentative view, and would issue a written order. Dkt. 21. For the reasons stated in this Order, this action is **REMANDED** to Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1452(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-01629 JAK (ASx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | Jerry Kayle, et al. v. Lake Balboa Health Care, Inc., et al. | | |

**II.     Analysis**

     A.    Legal Standard

28 U.S.C. § 1452 authorizes the removal of civil actions if there is federal jurisdiction under 28 U.S.C. § 1334. That section provides that district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. § 1452(b).

For purposes of § 1452(b), equitable considerations include:

> judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

*TIG Ins. Co. v. Smolker*, 264 B.R. 661, 666 (Bankr. C.D. Cal. 2001).

     B.    Application

All of the causes of action asserted by Plaintiffs arise under California law.[1] 28 U.S.C. § 157, which confers jurisdiction over Chapter 11 matters, provides that personal injury tort or wrongful death claims are non-core bankruptcy proceedings. *See* 28 U.S.C. § 157(b)(2)(B), (b)(2)(O). Non-core proceedings are those that are "related to" matters that arise under Title 11, in contrast to core proceedings, which "arise under or in Title 11" and would not exist independent of the Bankruptcy Code. *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). Plaintiffs' claims are, at most, non-core claims over which there may be concurrent jurisdiction.[2]

---

[1] Defendants do not contend that diversity jurisdiction is present. *See also* Compl., Dkt. 1, ¶¶ 5-6 (alleging that NAHC's "principal place of business is in Orange County, California"); *In re North American Health Care, Inc.*, 8:15-bk-10610-MW, Dkt. 111 at 62 (Bankr. C.D. Cal. March 9, 2015) (stating that NAHC's principal place of business is in Dana Point, California).

[2] Defendants argue that 28 U.S.C. § 157(b)(5) requires the exercise of jurisdiction. Dkt. 15 at 13. Although this provision states that the "district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending," this language does not mandate the exercise of jurisdiction in this matter. Thus, § 157(b)(5) is not a jurisdictional provision, nor one that limits the well-established equitable discretion of a district court to determine whether it should hear matters related to Chapter 11. Rather, it designates the appropriate district court, rather than the bankruptcy court, as the forum in which such matters are to be heard if the district court determines that federal jurisdiction should be exercised. *See Stern v. Marshall*, 131 S. Ct. 2594, 2607 (2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV15-01629 JAK (ASx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | Jerry Kayle, et al. v. Lake Balboa Health Care, Inc., et al. | | |

Even assuming Plaintiffs' claims are ones over which there is federal subject matter jurisdiction, the equitable considerations of 28 U.S.C. § 1452(b) do not warrant its exercise. Plaintiffs' claims arise under state law; they are common tort claims. They are not ones as to which there is a special federal interest. Before removal, this matter had been pending in Superior Court since 2013. Therefore, considerations of comity and efficiency weigh in favor of its proceeding there. Defendants argue that the progress toward a trial date in the Superior Court was slow, that the resolution of claims like Plaintiffs' bear significantly upon the administration of the bankruptcy estate, and that the litigation of the claims if remanded may be subject to an automatic stay. However, Defendants fail to show that these considerations outweigh those favoring remand. The speed of the litigation process in the Superior Court is not a basis for a district court to exercise jurisdiction. The single tort action at issue here has not been shown as one that will have a material effect on the bankruptcy proceedings. Finally, whether the automatic stay will be asserted is largely under the control of the debtor defendant.

In their supplemental brief regarding jurisdiction, Defendants argue that there is independent federal jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331. Thus, they assert that the Complaint alleges that Defendants breached certain standards of care established by federal statutes and regulations. Dkt. 15 at 12-13. This theory does not appear on the face of the Notice of Removal, which alone supports remand. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.") (citation omitted). But, even if this basis were considered, the outcome would be the same. There is no showing either that the federal statutes or regulations are ones from which a private cause of action arises or that such a claim has been advanced by Plaintiffs. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States" for purposes of 28 U.S.C. § 1331) (internal quotation marks omitted). Nor have Defendants demonstrated that a "sufficiently substantial" federal interest is presented as a result of the cited standards to support the exercise of federal jurisdiction. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005). Therefore, §§ 1334 & 1452 provide the sole potential bases for federal jurisdiction. Equitable considerations support declining jurisdiction under these statutes for the reasons discussed previously.

### III.     Conclusion

For the reasons stated in this Order, this action is **REMANDED** to Los Angeles Superior Court at its Stanley Mosk Courthouse.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |